**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

DANA YOON, on behalf of herself and a
class and collective of similarly situated
individuals,

        Plaintiff,

  – against –

HONEY 490 INC.,
HONEY 641 INC.,
HONEY 681 INC.,
HONEY 1414 INC.,
HONEY 2830 INC.,
HONEY 2132 INC,
HONEY 810 INC.,
HONEY 833 INC.,
HONEY 33 INC.,
ABC COMPANY,
JINA SUN and JISOO SUN,

        Defendants

Civil Action No. 24-cv-7909

**CLASS AND COLLECTIVE**


**COMPLAINT**


**Jury Trial Demanded**

      Plaintiff Dana Yoon, ("Plaintiff"), on behalf of herself and all other similarly

situated individuals, by and through her undersigned counsel Ryan Kim Law, P.C., as

and for her Complaint in this action against Defendants Honey 490 Inc, Honey 641 Inc.,

Honey 681 Inc., Honey 1414 Inc., Honey 2830 Inc., Honey 2132 Inc, Honey 810 Inc.,

Honey 33 Inc., ("Honey Nail"" or the "Nail Salon"), Jina Sun and Jisoo Sun (the

"Individual Defendants") (the Nail Salon and the Individual Defendants are collectively

referred to herein as "Defendants"), hereby alleges as follows:

1

## NATURE OF THE CLAIMS

1.  Defendants subjected Plaintiff, who worked as a cosmetologist, nail technician, skin care technician, eyelash extension technician, and other similarly-situated employees at HONEY NAIL to numerous violations of federal and state laws during their employment, including: (a) failure to pay minimum wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. and the New York Labor Law ("NYLL"), § 650 *et seq.*; (b) failure to pay overtime wages in violation of the FLSA § 207 and NYLL § 650 *et seq.*; (c) failure to pay for all hours worked in violation of NYLL § 191; (d) failure to provide accurate wage notices in violation of NYLL §§ 195(1) and (2); (e) failure to provide wage statements in violation of NYLL § 195(3); (f) failure to reimburse mileage and travel expenses; (g) discrimination based on Age and Nationality; and (h) violation of the NY HERO Act and OSHA Standards for Hazardous Work Environment.

2.  Plaintiff's claims under the FLSA are brought as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of herself and on behalf of all other similarly situated persons who were employed by Defendants as "cosmetologist, nail technician, skin care technician and/or eyelash extension technician" during the applicable limitations period (the "FLSA Collective Period").  Plaintiff and all such other similarly situated persons are jointly referred to herein as the "FLSA Collective."

3.  Plaintiff's claims under the NYLL are brought as a class action pursuant to Federal Rule of Civil Procedure Rule 23 on behalf of herself and on behalf of all other similarly situated persons who were employed by Defendants as "cosmetologist, nail technician, skin care technician, and/or eyelash extension technician" during the applicable limitations

period (the "NYLL Class Period"). Plaintiff and all other similarly situated persons are jointly referred to herein as the "NYLL Class."

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this action involves federal questions regarding the deprivation of Plaintiff's, the FLSA Collective's, and the NYLL Class's rights under the FLSA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under State law pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district, namely Manhattan, New York.

## PARTIES

6. Plaintiff Dana Yoon is an adult resident of the state of New York and was employed by Defendants as a cosmetologist at HONEY NAIL from February 26, 2020, to July 6, 2024. At all relevant times, Ms. Yoon was an "employee" within the meaning of all applicable statutes.

7. Defendants operate a chain of nail salons as a single integrated enterprise under the shared trade name "Honey Nail" at the following address:

    a. 490 Myrtle Ave. Brooklyn, NY operated by Honey 490 Inc.

    b. 641 Vanderbilt Ave. Brooklyn, NY operated by Honey 641 Inc.

    c. 681 Franklin Ave. Brooklyn, NY operated by Honey 681 Inc.

    d. 1414 Cortelyou Rd. Brooklyn, NY operated by Honey 1414 Inc.

    e. 28-30 Jackson Ave. Long Island City, NY operated by Honey 2830 Inc.

f. 21-32 44th Drive. Long Island City, NY operated by Honey 2132 Inc.

g. 810 Fulton Street, Brooklyn, NY operated by Honey 810 Inc.

h. 833 11th Avenue, New York, NY operated by Honey 833 Inc.

i. 33 Eagle St Brooklyn, NY operated by Honey 33 Inc.

j. 280 Livingston St. Brooklyn, NY operated by ABC company.

(collectively the "nail salons").

8. The Nail Salons Corporate is a single integrated enterprise. Specifically, the Nail Salons are engaged in related activities, share common ownership, and have a common business purpose:

   a. The Nail Salons are commonly owned and operated by the Individual Defendants.

   b. The Nail Salons are advertised jointly as a common enterprise on Defendants' website, www.honeynails.com.

   c. The Nail Salons share a common logo and similar services, with many identical service items.

   d. The Nail Salons share payroll methods and have a single, centralized system of labor relations for employees at both locations

   e. Supplies are interchangeable among the Nail Salon locations

   f. Employees are interchangeable among the Nail Salon's locations.

9. Corporate Defendants:

   a.      Defendant Honey 490 Inc. is a New York domestic business corporation doing business as Honey Nail with a service of process address of 490 Myrtle

Avenue, Brooklyn, NY 11205. Honey 490 Inc own and operated Honey Nail located at 490 Myrtle Avenue, Brooklyn NY 11205.

b. Defendant Honey 641 Inc. is a New York domestic business corporation doing business as Honey Nail with a service of process address of 641 Vanderbilt Avenue, Brooklyn NY 11238. Honey 641 Inc. own and operated Honey Nail located at 641 Vanderbilt Avenue, Brooklyn NY 11238.

c. Defendant Honey 681 Inc. is a New York domestic business corporation doing business as Honey Nail with a service of process address of 681 Franklin Avenue, Brooklyn, NY. Honey 681 Inc own and operated Honey Nail located at 681 Franklin Avenue, Brooklyn NY.

d. Defendant Honey 1414 Inc. is a New York domestic business corporation doing business as Honey Nail with a service of process address of 1414 Cortelyou Rd. Brooklyn NY. Honey 1414 Inc own and operated Honey Nail located at 1414 Cortelyou Rd. Brooklyn NY.

e. Defendant Honey 2830 Inc. is a New York domestic business corporation doing business as Honey Nail with a service of process address of 28-30 Jackson Avenue Long Isaland City, NY. Honey 2830 Inc own and operated Honey Nail located at 28-30 Jackson Avenue Long Isaland City, NY.

f. Defendant Honey 2132 Inc is a New York domestic business corporation doing business as Honey Nail with a service of process address of 21-32 44th Drive Long Island City, NY. Honey 2132 Inc own and operated Honey Nail located at 21-32 44th Drive Long Island City, NY.

g.      Defendant Honey 810 Inc. is a New York domestic business corporation doing business as Honey Nail with a service of process address of 810 Fulton Street, Brooklyn, NY.  Honey 810 Inc own and operated Honey Nail located at 810 Fulton Street, Brooklyn NY 11205.

h.      Defendant Honey 833 Inc. is a New York domestic business corporation doing business as Honey Nail with a service of process address of 833 11th Avenue, New York, NY 10019.  Honey 833 Inc own and operated Honey Nail located at 833 11th Avenue, New York, NY 10019.

i.      Defendant Honey 33 Inc. is a New York domestic business corporation doing business as Honey Nail with a service of process address of 33 Eagle St. Brooklyn, NY. Honey 33 Inc own and operated Honey Nail located at 33 Eagle St. Brooklyn NY.

j.      Defendant ABC Company is a New York domestic business corporation doing business as Honey Nail at 280 Livingston St. Brooklyn, NY.

10. Individual Defendants Jina Sun ("Jina") and Jisoo Sun ("Jisoo") are owners and principals of all of the Corporate Defendants. Defendants Jina Sun and Jisoo Sun exercise operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. Jina Sun and Jisoo Sun frequently visited each of the restaurant locations. They exercise the power to (and also delegate to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to Jina Sun and Jisoo Sun directly regarding any of the terms of

their employment, and they had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

11. At all relevant times, the Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

13. Although Plaintiff did not work at all of the Nail Salons, the Nail Salons are appropriately named in this Complaint through the relevant Corporate Defendants described above. Because the Nail Salons share identical illegal wage and hour policies, the Nail Salons and the relevant Corporate Defendants are properly named on the basis of their outstanding liability to the Class members for whom Plaintiff seeks to represent.

## FACTUAL ALLEGATIONS

### Unpaid minimum wage and overtime wage due to time-shaving

14. From February 26, 2020, until July 6, 2024, Plaintiff regularly worked over 10 hours per day and more than 40 hours per week.

15. During this period, Plaintiff typically began work between 9:20 and 9:30 a.m. but was required to wait until 10:00 a.m. before clocking in.

16. The plaintiff's shifts generally started between 9:20 and 9:30 a.m. and ended at 7:50 p.m., primarily for four days each week, though occasionally for three days.

17. Defendants failed to pay Plaintiff the New York state minimum wage for all hours worked.

18. Throughout Plaintiff's employment and during the FLSA Collective Period and NYLL Class Period, Defendants required or caused Plaintiff and other members of the FLSA Collective and NYLL Class to perform "off-the-clock" work through a practice of docking employees' time.

19. In 2020 and 2022, Plaintiff's hourly wage was $15.00. This increased to $16.00 per hour in 2023, and to $17.00 per hour starting January 1, 2024.

20. Occasionally, Plaintiff worked an additional day each week at other locations. For these weeks, she exceeded 40 hours of work but was paid only her regular hourly rate instead of the required overtime rate.

21. As a result of this and other "off-the-clock" work, Defendants unlawfully failed to pay Plaintiff, the FLSA Collective, and the NYLL Class minimum wages in violation of the FLSA and NYLL, overtime wages in violation of the FLSA and NYLL, and straight time wages for all hours worked in violation of NYLL § 191(1)(a)(i).

**Wage Notice and Wage Statement Violations**

22. Defendants also failed to provide Plaintiff and members of the NYLL Class wage notices and/or accurate wage notices as required by NYLL §§ 195(1) and (2) at the time of their hiring or when any changes to the information required in the wage notices took place.

23. Accordingly, by failing to comply with their wage notice requirements, Defendants owe Plaintiff and the NYLL Class $50 per day for every day such notice was not provided, up to $5,000 per employee.

24. In addition, Defendants failed to furnish Plaintiff and members of the NYLL Class with wage statements and/or accurate wage statements, *i.e.*, pay stubs, that included, *inter*

*alia*, their hours worked, any minimum wage allowances that were applied, and the correct amount of tip wages they should have and were legally owed.

25. By failing to comply with their wage statements obligations, Defendants owe Plaintiff and the NYLL Class $250 for each violation, up to $5,000 per employee.

## Unpaid Mileage

26. At Defendant Jina's request, Plaintiff transported two co-workers to work every Saturday for two months. Jina promised to compensate Plaintiff for mileage and additional hours, but no reimbursement or extra pay was provided.

## Discrimination Based on Age and Nationality

27. During Plaintiff's employment, Defendant Jina consistently singled her out for cleaning duties, repeatedly stating, "You are the oldest; you need to clean thoroughly here and there," and regularly assigned her these tasks.

28. One co-worker overheard Jina telling other employees that she disliked older employees, which caused the co-worker emotional distress and ultimately led to her resignation.

29. When older Korean employees took short trips to Korea for a few weeks, Jina discriminated and retaliated against them by reducing their work hours and assigning them to stores with lower earning potential. However, when younger Chinese employees took extended vacations of three months to visit their home country, they faced no discrimination or retaliation.

30. Older Korean employees were required to report directly to Jina when calling off for the day, whereas younger Chinese or Hispanic employees were allowed to take a day off by simply notifying a store manager.

**Hazardous Work Environment**

31. In January or February 2024, the store manager traveled to her home country and contracted tuberculosis. In April, Plaintiff began experiencing severe coughing and initially thought it might be due to allergies or a cold, so she took a COVID-19 test, which came back negative.

32. In June, a co-worker informed Plaintiff that the store manager had tuberculosis. Jina instructed the co-worker not to disclose this to anyone in the store, but the co-worker eventually told Plaintiff because she knew Plaintiff had previously undergone lung surgery and suggested she get tested. After a lung scan, Plaintiff was diagnosed with a viral lung infection. Subsequently, Plaintiff underwent two additional MRIs and was prescribed a one-month course of antibiotics.

## FLSA COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings her FLSA claims as a collective action on behalf of herself and on behalf of all other similarly situated persons who were employed by Defendants as "cosmetologist, nail technician, skin care technician, eyelash extension technician position during the FLSA Collective Period."

34. At all relevant times, Plaintiff and the other members of the FLSA Collective were similarly situated, had substantially similar job requirements, were paid in the same manner and under the same common policies, plans, and practices, and were subject to Defendants' failure to pay them at the legally required minimum wage for all hours worked, all of the tips they were owed, and overtime wages for hours worked over 40 in a week.

35. During the FLSA Collective Period, Defendants were fully aware of the duties performed by Plaintiff and the FLSA Collective, and that those duties were not exempt from the minimum wage and overtime provisions of the FLSA.

36. While the exact number of the FLSA Collective is unknown to Plaintiff at present, upon information and belief, there are more than 40 other similarly situated persons who were employed by Defendants as "cosmetologist, nail technician, skin care technician, eyelash extension technician during the FLSA Collective Period."

## RULE 23 CLASS ACTION ALLEGATIONS

37. Plaintiff brings her NYLL claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and behalf of all other similarly situated persons who were employed by Defendants as "cosmetologist, nail technician, skin care technician, eyelash extension technician during the NYLL Class Period."

38. Plaintiff alleges that she and other NYLL Class Members were/are: (i) not paid the prevailing minimum wage for all hours worked; (ii) not paid overtime wages for all hours worked over 40 hours in a week; (iii) not paid wages for all hours worked; (iv) not provided with appropriate wage notices; and (v) not furnished with appropriate wage statements.

39. The basic job duties of the NYLL Class were the same as or substantially similar to those of Plaintiff, and the NYLL Class were paid in the same manner and under the same common policies, plans, and practices as Plaintiff.

40. Defendants subjected both the NYLL Class and Plaintiff, to the same unlawful policies, plans, and practices, including not paying the prevailing minimum wage for all hours worked or overtime wages for hours worked over 40 in a week, not paying for all hours worked, and not furnishing appropriate wage notices and wage statements.

41. During the NYLL Class Period, Defendants were fully aware of the duties performed by Plaintiff and the NYLL Class, and that those duties were not exempt from the applicable provisions of the NYLL and/or its regulations.

42. As a result of Defendants' conduct as alleged herein, Defendants violated the NYLL and/or its regulations by not paying the prevailing minimum wage for all hours worked or overtime wages for hours worked over 40 in a week, not paying for all hours worked, and not furnishing appropriate wage notices and wage statements.

43. As a result of Defendants' conduct, Defendants are liable to Plaintiff and the NYLL Class for the full amount of their unpaid minimum wage, unpaid overtime wages, the amount of gratuities retained by Defendants, wages for all hours worked, penalties for failing to issue appropriate wage notices up to $5,000 per person, and penalties for failing to furnish appropriate wage notices of up to $5,000 per person, plus additional amounts (where applicable) in liquidated damages, interest, plus the attorneys' fees and costs incurred by Plaintiff and the NYLL Class.

44. Certification of the NYLL Class's claims as a class action is the most efficient and economical means of resolving the questions of law and facts common to Plaintiff's claims and the claims of the NYLL Class. Plaintiff has standing to seek such relief because of the adverse effects that Defendants' unlawful compensation policies and practices have had on them individually and on members of the NYLL Class. Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations. Certification of the NYLL Class is the most efficient and judicious means of presenting the

evidence and arguments necessary to resolve such questions for Plaintiff, the NYLL Class, and Defendants.

45. Plaintiff's claims raise questions of law and facts common to the NYLL Class. Among these questions are:

- Whether Defendants employed Plaintiff and the NYLL Class Members within the meaning of the NYLL;

- Whether Defendants paid Plaintiff and the NYLL Class Members the federal and state minimum wage for all hours worked during the NYLL Class Period;

- Whether Defendants paid Plaintiff and the NYLL Class Members overtime wages for all hours worked over 40 in a workweek;

- Whether Defendants' failure to pay the prevailing minimum wage or overtime wages constitutes violations of the FLSA or NYLL;

- At what common rate, or rates subject to common methods of calculation, were Defendants required to pay Plaintiff and the Class Members for their work;

- Whether Defendants failed to pay Plaintiff and the NYLL Class wages for all hours worked;

- Whether Defendants failed to issue Plaintiff and the NYLL Class appropriate wage notices in violation of the NYLL;

- Whether Defendants failed to furnish Plaintiff and the NYLL Class with appropriate wage statements in violation of the NYLL; and

- Whether Defendants' violations of the FLSA and NYLL and/or their regulations were willful.

46. These common questions of law and fact arise from the same course of events, and each class member will make similar legal and factual arguments to prove liability.

47. Plaintiff is a member of the NYLL Class that she seeks to represent. Plaintiff's claims are typical of the claims of the NYLL Class. The relief Plaintiff seeks for the unlawful policies and practices complained of herein are also typical of the relief which is sought on behalf of the NYLL Class.

48. Plaintiff's interests are co-extensive with those of the NYLL Class that they seek to represent in this case. Plaintiff is willing and able to represent the NYLL Class fairly and to vigorously pursue their similar individual claims in this action. Plaintiff has retained counsel who are qualified and experienced in labor and employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity. The combined interests, experience, and resources of Plaintiff and their counsel to litigate the individual and NYLL Class claims at issue, in this case, satisfy the adequacy of the representation requirement of the Fed. R. Civ. P. 23(a)(4).

49. Defendants have acted or refused to act on grounds generally applicable to the NYLL Class, making final injunctive and declaratory relief appropriate with respect to the NYLL Class.

50. Injunctive and declaratory relief is the predominant relief sought in this case because they are the culmination of the proof of Defendants' individual and class-wide liability and the essential predicate for Plaintiff's and the NYLL Class's entitlement to monetary and non-monetary remedies to be determined at a later stage of the proceedings.

51. The common issues of law and facts affecting Plaintiff's claims and those of the NYLL Class Members, including the common issues identified above, predominate over any issues affecting only individual claims.

52. A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims and the claims of the NYLL Class. There will be no difficulty in the management of this action as a class action.

53. The cost of proving Defendants' violations of the NYLL and the supporting regulations makes it impracticable for Plaintiff and the NYLL Class to pursue their claims individually. Maintenance of a class action promotes judicial economy by consolidating a large class of plaintiffs litigating identical claims. The claims of the NYLL Class interrelate such that the interests of the members will be fairly and adequately protected in their absence. Additionally, the questions of law and fact common to the NYLL Class arise from the same course of events and each class member makes similar legal and factual arguments to prove Defendants' liability.

54. The NYLL Class is so numerous that the joinder of all members is impracticable. While the exact number of the NYLL Class is unknown to Plaintiff at the present time, upon information and belief, there are more than 40 similarly situated persons who were/are employed by Defendants as "cosmetologist, nail technician, skin care technician, eyelash extension technician during the NYLL Class Period."

**FIRST CLAIM FOR RELIEF**
**(Failure to Pay Minimum Wages in Violation of the FLSA)**

55. Plaintiff, on behalf of herself and the FLSA Collective, reallege and incorporate by reference all preceding paragraphs relevant to their minimum wage violation claims as if they were set forth again herein.

56. The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked. Plaintiff and the FLSA

Collective were not exempt from the requirement that Defendants pay them the prevailing minimum wage under the FLSA.

57. During the FLSA Collective Period, Defendants did not pay Plaintiff and the FLSA Collective the prevailing minimum wage for all hours worked for Defendants.

58. As a result of Defendants' failure to pay Plaintiff and the FLSA Collective the prevailing minimum wage for all hours worked, Defendants violated the FLSA.

59. The foregoing conduct of Defendants constitutes willful violations of the FLSA.

60. Defendants' violations of the FLSA have significantly damaged Plaintiff and the FLSA Collective and entitle them to recover the total amount of their unpaid minimum wages, an additional equal amount in liquidated damages, interest, and attorneys' fees and costs.

**SECOND CLAIM FOR RELIEF**
**(Failure to Pay Overtime Wages in Violation of the FLSA)**

61. Plaintiff, on behalf of herself and the FLSA Collective, reallege and incorporate by reference all preceding paragraphs relevant to their overtime wage violation claims as if they were set forth again herein.

62. The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees overtime wages of one and one-half times their regular hourly wages for hours worked over 40 in a week. Plaintiff and the FLSA Collective were not exempt from the requirement that Defendants pay them overtime wages under the FLSA.

63. During the FLSA Collective Period, Defendants did not pay Plaintiff and the FLSA Collective overtime wages for all hours worked over 40 in a week for Defendants.

64. As a result of Defendants' failure to pay Plaintiff and the FLSA Collective overtime wages for all hours worked over 40 in a workweek, Defendants violated the FLSA.

65. The foregoing conduct of Defendants constitutes willful violations of the FLSA.

66. Defendants' violations of the FLSA have significantly damaged Plaintiff and the FLSA Collective and entitle them to recover the total amount of their unpaid overtime wages, an additional equal amount in liquidated damages, interest, and attorneys' fees and costs.

**THIRD CLAIM FOR RELIEF**
**(Failure to Pay Minimum Wage in Violation of the NYLL)**

67. Plaintiff, on behalf of herself and the NYLL Class, reallege and incorporate by reference all preceding paragraphs relevant to their minimum wage claims as if they were set forth again herein.

68. The NYLL requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked.  Plaintiff and the NYLL Class were not exempt from the requirement that Defendants pay them the prevailing minimum wage under the NYLL.

69. During the NYLL Class Period, Defendants did not pay Plaintiff and the NYLL Class the prevailing minimum wage for all hours worked for Defendants.

70. As a result of Defendants' failure to pay Plaintiff and the NYLL Class the prevailing minimum wage for all hours, Defendants violated the NYLL.

71. The foregoing conduct of Defendants constitutes willful violations of the NYLL.

72. Defendants' violations of the NYLL have significantly damaged Plaintiff and the NYLL Class and entitle them to recover the total amount of their unpaid minimum wages, an additional amount in liquidated damages, interest, and attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF
### (Failure to Pay Overtime Wages in Violation of the NYLL)

73. Plaintiff, on behalf of herself and the NYLL Class, realleges and incorporates by reference all preceding paragraphs relevant to their overtime wage violation claims as if they were set forth again herein.

74. The NYLL requires covered employers, such as Defendants, to pay all non-exempt employees overtime wages of one and one-half times their regular hourly wages for hours worked over 40 in a week. Plaintiff and the NYLL Class were not exempt from the requirement that Defendants pay them overtime wages under the NYLL.

75. During the NYLL Class Period, Defendants did not pay Plaintiff and the NYLL Class overtime wages for all hours worked over 40 in a week for Defendants.

76. As a result of Defendants' failure to pay Plaintiff and the NYLL Class overtime wages for all hours worked over 40 in a workweek, Defendants violated the NYLL.

77. The foregoing conduct of Defendants constitutes willful violations of the NYLL.

78. Defendants' violations of the NYLL have significantly damaged Plaintiff and the NYLL Class and entitle them to recover the total amount of their unpaid overtime wages, an additional equal amount in liquidated damages, interest, and attorneys' fees and costs.

## FIFTH CLAIM FOR RELIEF
### (Failure to Pay Wages for All Hours Worked/Straight Time Wages)

79. Plaintiff, on behalf of herself and the NYLL Class, reallege and incorporate by reference all preceding paragraphs relevant to their claim for failure to pay wages for all hours worked as if they were set forth again herein.

80. NYLL § 191(1)(a) requires employers to pay wages to manual workers like Plaintiff and the NYLL Class on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned.

81. During the NYLL Class Period, Defendants unlawfully failed to pay wages to Plaintiff and the NYLL for all hours worked, *i.e.*, straight-time wages, no later than seven calendar days after the end of the week in which the wages were earned, in violation of NYLL § 191(1)(a).

82. Due to Defendants' NYLL violations, Plaintiff and the NYLL Class Members are entitled to recover from Defendants the amount of unpaid straight-time wages, liquidated damages, interest, and attorneys' fees and costs.

## SIXTH CLAIM FOR RELIEF
### (Failure to Issue Wage Notices)

83. Plaintiff, on behalf of herself and the NYLL Class, reallege and incorporate by reference all preceding paragraphs relevant to their claim for failure to issue wage notices as if they were set forth again herein.

84. NYLL §§ 195(1) and (2) require employers to issue wage notices to employees at the time of their hiring or when any changes to the information required to appear on wage notices occurs.

85. During the NYLL Class Period, Defendants unlawfully failed to issue appropriate wage notices to Plaintiff and the NYLL Class.

86. Due to Defendants' NYLL violations, Plaintiff and the NYLL Class Members are each entitled to $50 per day for every day such wage notice was not provided, up to $5,000 per person, plus interest and attorneys' fees and costs.

## SEVENTH CLAIM FOR RELIEF
### (Failure to Furnish Wage Statements/Pay Stubs)

87. Plaintiff, on behalf of herself and the NYLL Class, reallege and incorporate by reference all preceding paragraphs relevant to their claim for failure to furnish wage statements as if they were set forth again herein.

88. NYLL § 195(3) requires employers to furnish employees with wage statements, *i.e.*, pay stubs, that include, *inter alia*, hours worked, and any minimum wage allowances that are applied.

89. During the NYLL Period, Defendants unlawfully failed to issue appropriate wage statements to Plaintiff and the NYLL Class.

90. Due to Defendants' NYLL violations, Plaintiff and the NYLL Class Members are each entitled to $250 per violation up to $5,000 per person, plus interest and attorneys' fees and costs.

## EIGHTH CLAIM FOR RELIEF
### (Failure to Reimburse Mileage and Travel Expenses)

91. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as though fully stated herein.

92. Defendants requested and required Plaintiff to drive and transport co-workers to work on Saturdays over a two-month period.

93. Defendant Jina promised to compensate Plaintiff for the additional mileage and time incurred due to this transportation, but Defendants failed to pay Plaintiff any mileage reimbursement or additional wages.

94. Defendants' failure to reimburse Plaintiff for mileage and additional hours worked is a violation of applicable state labor laws, which require employers to reimburse employees for necessary expenses incurred in the performance of their job duties.

95. As a result of Defendants' actions, Plaintiff incurred out-of-pocket expenses and suffered financial losses for which she has not been compensated.

96. Plaintiff seeks reimbursement for all unpaid mileage expenses and associated wages, as well as interest, costs, and any other relief deemed appropriate by the Court.

## NINETH CLAIM FOR RELIEF
### (Discrimination Based on Age and Nationality in Violation of NYSHRL)

97. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

98. Defendants are "employers" within the meaning of the New York State Human Rights Law, N.Y. Exec. Law § 292(5). ("NYSHRL"), which prohibits discrimination in employment based on protected characteristics, including age and nationality.

99. Plaintiff is a member of two protected classes under the NYSHRL, as an older employee and as an individual of Korean descent.

100.    Throughout her employment, Defendants, through Defendant Jina Sun, subjected Plaintiff to discriminatory treatment based on her age and nationality, including but not limited to:

    a. Regularly assigning Plaintiff, as an older employee, to less desirable tasks, such as extensive cleaning duties, while younger employees were not subjected to similar treatment;

b. Directing discriminatory statements at Plaintiff, such as "You are the oldest; you need to clean thoroughly here and there," and calling on Plaintiff disproportionately for cleaning duties;

c. Reducing hours or reassigning shifts for older Korean employees when they traveled briefly, but not imposing similar reductions or adverse assignments on younger, non-Korean employees who took extended leave;

d. Requiring older Korean employees, including Plaintiff, to report directly to Defendant Sun when calling off work, while younger, non-Korean employees were allowed to report only to the store manager.

101.     Defendant Jina's discriminatory conduct created a hostile work environment for Plaintiff and other older Korean employees, causing Plaintiff and others to experience emotional distress and leading one co-worker to resign due to the discriminatory treatment.

102.     Defendants' actions constitute unlawful discrimination against Plaintiff based on her age and nationality in violation of the NYSHRL.

103.     As a result of Defendants' discriminatory conduct, Plaintiff has suffered economic losses, emotional distress, and other damages.

104.     Plaintiff seeks compensatory damages, punitive damages, interest, attorneys' fees, costs of suit, and any other relief the Court deems appropriate under the NYSHRL.

**TENTH CLAIM FOR RELIEF**
**(Violation of the NY HERO Act and**
**OSHA Standards for Hazardous Work Environment)**

105.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

106.     Defendants are "employers" within the meaning of the New York Health and Essential Rights Act ("NY HERO Act"), N.Y. Labor Law §§ 218-b and 27-d, which requires employers to implement workplace health and safety protections to prevent the spread of infectious diseases and maintain a safe work environment.

107.     Defendants are also subject to federal Occupational Safety and Health Act ("OSHA") standards, which mandate that employers provide a work environment free from recognized hazards that could cause death or serious physical harm to employees (29 U.S.C. § 654).

108.     Throughout Plaintiff's employment, Defendants failed to establish, maintain, and enforce adequate health and safety protocols as required under the NY HERO Act and OSHA, resulting in a hazardous work environment. Defendants' failures included but were not limited to:

a.   Failing to inform employees of potential exposure to infectious diseases, such as tuberculosis, when the store manager contracted tuberculosis in early 2024;

b.   Instructing employees, including Plaintiff, to refrain from disclosing the manager's tuberculosis diagnosis, thereby exposing employees to health risks without proper notice or precaution;

c.   Neglecting to provide or enforce adequate health protocols to mitigate the spread of infectious diseases within the workplace.

109.     As a result of Defendants' actions, Plaintiff contracted a viral lung infection, requiring medical intervention, including multiple MRIs and a one-month course of antibiotics. Defendants' actions exposed Plaintiff and other employees to severe health risks in violation of their obligations under the NY HERO Act and OSHA.

110.     Defendants' failure to provide a safe work environment and refusal to implement or enforce health and safety protocols constitute violations of the NY HERO Act and OSHA.

111.    As a result of these violations, Plaintiff has suffered physical harm, incurred medical expenses, and experienced emotional distress.

112.    Plaintiff seeks compensatory damages, punitive damages, attorneys' fees, costs, and any other relief the Court deems appropriate to remedy Defendants' failure to provide a safe and healthful work environment in violation of the NY HERO Act and OSHA standards.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, the FLSA Collective, and the NYLL Class, respectfully request that the Court:

A.  Declare that the practices complained of herein are unlawful under applicable federal and state law;

B.  Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, and direct Defendants to provide Plaintiff with a list of all members of the FLSA Collective, including all last known addresses, telephone numbers, and e-mail addresses of each such person, so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

C.  Determine the damages sustained by Plaintiff and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor of Plaintiff and the FLSA Collective, plus such pre-judgment and post-judgment interest as may be allowed by law;

D.  Award Plaintiff and the FLSA Collective an additional equal amount as liquidated damages because Defendants' violations were willful and/or without a good faith basis;

E. Declare this action to be maintainable as a class action pursuant to Fed. R. Civ. P. 23, and direct Defendants to provide Plaintiff with a list of all members of the NYLL Class, including all last known addresses, telephone numbers, and e-mail addresses of each such person, so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

F. Designate Plaintiff as representatives of the NYLL Class, and their counsel of record as class counsel;

G. Determine the damages sustained by Plaintiff and the NYLL Class as a result of Defendants' violations of the NYLL and/or its regulations, and award those damages against Defendants and in favor of Plaintiff and the NYLL Class, plus such pre-judgment and post-judgment interest as may be allowed by law;

H. Award Plaintiff and the NYLL Class an additional amount as liquidated damages pursuant to the NYLL because Defendants' violations were willful and/or without a good faith basis;

I. Award Plaintiff, the FLSA Collective, and the NYLL Class their reasonable attorneys' fees and costs and disbursements in this action including, but not limited to, any accountants' or experts' fees;

J. Grant Plaintiff, the FLSA Collective, and the NYLL Class such other and further relief that the Court deems just and proper.

K. Plaintiff seeks reimbursement for all unpaid mileage expenses and associated wages, as well as interest, costs, and any other relief deemed appropriate by the Court.

L. Plaintiff seeks compensatory damages, punitive damages, interest, attorneys' fees, costs of suit, and any other relief the Court deems appropriate under the NYSHRL.

M. Plaintiff seeks compensatory damages, punitive damages, attorneys' fees, costs, and any other relief the Court deems appropriate to remedy Defendants' failure to provide a safe and healthful work environment in violation of the NY HERO Act and OSHA standards.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and behalf of all other similarly situated persons, hereby demands a trial by jury on all issues of fact and damages.

Date: November 13, 2024

Respectfully submitted,

**RYAN KIM LAW, P.C.**

_____/s/Ryan Kim_____
Ryan J. Kim

222 Bruce Reynolds Blvd. Suite 490
Fort Lee, NJ 07024
T: 718) 573-1111
ryan@ryankimlaw.com

*Counsel for Plaintiff, the FLSA Collective, and the NYLL Class*