UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DANA YOON, on behalf of herself and a class
and collective of similarly situated individuals,

                        Plaintiff,

                                  **MEMORANDUM AND ORDER**
      -against-                             24 CV 7909 (RPK) (CLP)


HONEY 490 INC., *et al*,

                        Defendants.
------------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

      On November 13, 2024, plaintiff Dana Yoon, on behalf of herself and all others similarly situated (collectively, the "plaintiffs"), commenced this action against defendants Honey 490 Inc., Honey 641 Inc., Honey 681 Inc., Honey 1414 Inc., Honey 2830 Inc., Honey 2132 Inc., Honey 810 Inc., Honey 833 Inc., Honey 33 Inc. (collectively, "Honey Nail" or the "Nail Salon"), ABC Company, Jina Sun, and Jisoo Sun (collectively, "defendants"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the New York Labor Law §§ 650 *et seq.* ("NYLL"), based on defendants' failure to pay minimum and overtime wages, in violation of the FLSA and NYLL, failure to pay for all hours worked in violation of NYLL § 191, failure to provide accurate wage notices and wage statements in violation of NYLL §§ 195(1), (3), failure to reimburse for mileage and travel expenses, discrimination based on age and nationality, and violations of the New York Health and Essential Rights Act ("NY HERO

Act"), NYLL §§ 218-b, 27-d, and Occupational Safety and Health Act ("OSHA") standards for Hazardous Work Environment, 29 U.S.C. § 654.  (See Compl.[1]).

Currently pending before this Court is plaintiff's motion under 29 U.S.C. § 216(b) to conditionally certify a collective action on behalf of herself and all other similarly situated persons, employed as a "cosmetologist, nail technician, skin care technician and/or eyelash extension technician" during the applicable time period, and to authorize that notice be distributed to members of the putative class.  For the reasons set forth below, the Court denies plaintiff's motion for conditional certification without prejudice.

## FACTUAL BACKGROUND

Plaintiff alleges that defendants operate a chain of nail salons as an integrated enterprise under the shared trade name "Honey Nail."[2]  (Compl. ¶ 7).  Plaintiff alleges that the nail salons are owned and operated by individual defendants Jina Sun and Jisoo Sun (the "Individual Defendants") as a common enterprise, as the individual salons are advertised jointly on defendants' website, www.honeynails.com, and share the same logo and provide similar services.  (Id. ¶¶ 8(a)-(c)).  The nail salons are also alleged to share payroll methods and have a single, centralized system of labor relations for employees.  (Id. ¶ 8(d)).  Finally, they share supplies and employees which are interchangeable among the various locations.  (Id. ¶¶ 8(e)-(f)).

According to the Complaint, the Individual Defendants are the owners and principals of the Corporate Defendants, and they exercised operational control over all employees, had the

---

[1] Citations to "Compl." refer to plaintiff's Complaint, filed November 13, 2024 (ECF No. 1).
[2] These include Honey Nail salons located at 1) 490 Myrtle Avenue in Brooklyn, operated by Honey 490 Inc.; 2) 641 Vanderbilt Avenue, Brooklyn, operated by Honey 641 Inc.; 3) 681 Franklin Avenue, Brooklyn, operated by Honey 681 Inc.; 4) 1414 Cortelyou Rd., Brooklyn, operated by Honey 1414 Inc.; 5) 28030 Jackson Avenue, Long Island City, operated by Honey 2830 Inc.; 6) 21-32 44th Drive, Long Island City, operated by Honey 2132 Inc.; 7) 810 Fulton Street, Brooklyn, operated by Honey 810 Inc.; 8) 833 11th Avenue, New York, N.Y., operated by Honey 833 Inc.; 9) 33 Eagle Street, Brooklyn, operated by Honey 33 Inc.; and 280 Livingston Street, Brooklyn, operated by ABC company (collectively, the "nail salons" and/or the "Corporate Defendants") (Compl. ¶¶ 7(a)-(j)).

power to fire and hire, supervised and controlled employee work schedules and conditions of employment, and determined the rate and method of employee compensation during the relevant times. (Id. ¶ 10). Plaintiff alleges that the Corporate Defendants are an "enterprise engaged in commerce" within the meaning of the FLSA. (Id. ¶ 11).

Plaintiff brings claims on behalf of herself, the FLSA Collective and the NYLL Class for failure to pay minimum wages and overtime wages under the FLSA and NYLL, and failure to pay straight time for all hours worked in violation of NYLL 191(1)(a)(i). (Id. ¶ 21). Plaintiff alleges that she was employed by defendants from February 26, 2020 until July 6, 2024, regularly working four days a week, or occasionally three days a week, for over 10 hours per day, with her shift beginning between 9:20 and 9:30 a.m. and ending at 7:50 p.m. (Id. ¶¶ 14-16). However, she was required to wait until 10:00 a.m. to clock in, (id. ¶ 15), and perform off-the-clock work for which she was not paid. (Id. ¶¶ 17, 18). She alleges that from 2020 to 2022, she was paid an hourly wage of $15.00, which increased to $16.00 per hour in 2023, and then to $17.00 per hour on January 1, 2024. (Id. ¶ 19). Plaintiff alleges that defendants' time shaving practices resulted in pay at less than the minimum wage across all hours worked. (Id. ¶ 17). Furthermore, on occasion plaintiff was asked to work an additional day at other nail salon locations; during these weeks, she worked more than 40 hours but was only paid at her regular rate of pay for her overtime hours. (Id. ¶ 20).

Plaintiff also alleges that she and other members of the NYLL Class were not provided with wage notices at the time of hiring, nor were they furnished wage statements in compliance with NYLL § 195. (Id. ¶¶ 22-25). Plaintiff also claims that she was asked to transport two co-workers to work every Saturday for two months and never received the promised compensation for mileage driven and additional hours worked. (Id. ¶ 26).

3

Furthermore, in bringing a discrimination claim, plaintiff alleges that defendant Jina singled her out for cleaning duties, noting that plaintiff was "the oldest," and that a coworker overheard Jina say that she "disliked older employees," ultimately leading to the resignation of that employee. (Id. ¶¶ 27, 28). Plaintiff further alleges that when older Korean employees took short trips to Korea, Jina retaliated against them by reducing their hours and assigning them to stores with lower earning potential, while younger Chinese employees who took vacations were not discriminated against and did not face retaliation. (Id. ¶ 29). Moreover, while older Korean employees were required to report directly to Jina when taking a day off, the younger Chinese and Hispanic employees were only required to notify their store managers. (Id. ¶ 30). Plaintiff also alleges that she was forced to work in a hazardous work environment based upon her exposure to a store manager who had contracted tuberculosis overseas. (Id. ¶¶ 31, 32).

Plaintiff asserts minimum wage and overtime violations under the FLSA on behalf of a collective class of similarly situated employees employed as a "cosmetologist, nail technician, skin care technician, [and] eyelash extension technician." (Id. ¶ 33). She alleges that the members of the collective were subject to substantially similar job requirements, were paid in the same manner and under common policies and practices, and were not paid proper minimum and overtime wages. (Id. ¶¶ 33, 34). Plaintiff also seeks to bring a class action under the NYLL, for various wage violations. (Id. ¶¶ 37–54).

On January 14, 2025, defendants filed an Answer to the Complaint. (ECF No. 18). Following an initial conference with this Court, the case was referred to Mediation on February 5, 2025. (Electronic Order, dated Feb. 5, 2025). The Mediation proved to be unsuccessful (see Report of Mediation Unsettled, dated April 2, 2025), and on March 20, 2025, plaintiff filed the

4

instant Motion to Certify FLSA Collective Action (ECF Nos. 21, 22).[3] Defendants submitted their Memorandum in Opposition on April 3, 2025 (ECF No. 23),[4] and plaintiff's reply was filed on April 8, 2025.[5] The motion was referred to the undersigned by the Honorable Rachel P. Kovner on July 31, 2025.

DISCUSSION

I. Conditional Collective Action Certification

A. Legal Standard for Conditional Certification Under FLSA Section 216(b)

Under the FLSA, in order to prevent "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers," employers are required to compensate covered employees for all work performed, including overtime. 29 U.S.C. §§ 202(a), 207(a)(1); see also Reich v. New York City Transit Auth., 45 F.3d 646, 648-49 (2d Cir. 1995) (citations omitted). Pursuant to Section 216(b) of the FLSA, an employee may bring an action "'to recover unpaid overtime compensation and liquidated damages from employers who violate the Act's overtime provisions.'" Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101, 103 (S.D.N.Y. 2003) (quoting Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 260 (S.D.N.Y. 1997)).

Under the statute, an employee may bring a collective action "for and [on] behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). However, unlike a class action brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, a collective action brought under the FLSA may be brought only on behalf of those employees who affirmatively "opt in" by giving consent in writing to become a party to the action. Id.;

---
[3] Citations to "Pl.'s Mem." refer to plaintiff's Memorandum in Support of her Motion to Certify FLSA Collective Action, filed March 20, 2025 (ECF No. 22-1).
[4] Citations to "Defs' Mem." refer to defendants' Memorandum in Opposition, filed April 3, 2025 (ECF No. 23).
[5] Citations to "Pl.'s Reply" refer to plaintiff's reply, filed April 8, 2025 (ECF No. 24).

5

Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d at 103-04; see also Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 367 (S.D.N.Y. 2007); Patton v. Thomson Corp., 364 F. Supp. 2d 263, 266 (E.D.N.Y. 2005).

Courts use a two-step analysis to determine whether certification of a collective action under the FLSA is appropriate. See Castro v. Spice Place, Inc., No. 07 CV 4657, 2009 WL 229952, at *2 (S.D.N.Y. Jan. 30, 2009). The first step involves "looking to the pleadings and affidavits to determine whether plaintiffs have satisfied 'the minimal burden of showing that the similarly situated requirement is met.'" Id. (quoting Lee v. ABC Carpet & Home, 236 F.R.D. 193, 197 (S.D.N.Y. 2006)). To meet this burden, "plaintiffs need only make 'a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'" Doucoure v. Matlyn Food, Inc., 554 F. Supp. 2d 369, 372 (E.D.N.Y. 2008) (quoting Hoffmann v. Sbarro, Inc., 982 F. Supp. at 261). The standard for approval under Section 216(b) is "'considerably less stringent'" than the requirements for class certification under Federal Rule of Civil Procedure 23. Avila v. Northport Car Wash, Inc., 774 F. Supp. 2d 450, 454 (E.D.N.Y. 2011) (quoting Rodolico v. Unisys Corp., 199 F.R.D. 468, 481 (E.D.N.Y. 2001)).

"Although the Second Circuit has yet to prescribe a particular method for determining whether members of a putative class are similarly situated, district courts in this circuit look to the '(1) disparate factual and employment settings of the individual plaintiffs; (2) defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations counseling for or against notification to the class.'" Laroque v. Domino's Pizza, LLC, 557 F. Supp. 2d 346, 352 (E.D.N.Y. 2008) (quoting Guzman v. VLM, Inc., No. 07 CV 1126, 2007 WL 2994278, at *3 (E.D.N.Y. Oct. 11, 2007)).

6

"The second step, which typically occurs after the completion of discovery, requires the court to make factual findings whether the class members are 'actually similarly situated.'" Avila v. Northport Car Wash, Inc., 774 F. Supp. 2d at 454 (quoting Bifulco v. Mortgage Zone, Inc., 262 F.R.D. 209, 212 (E.D.N.Y. 2009)) (internal quotation marks omitted). "At that juncture, the court examines the evidentiary record to determine whether the 'opt-in' plaintiffs are, in fact, similarly situated to the named plaintiff." Bifulco v. Mortgage Zone, Inc., 262 F.R.D. at 212 (quoting Hens v. ClientLogic Operating Corp., No. 05 CV 381S, 2006 WL 2795620, at *4 (W.D.N.Y. Sept. 26, 2006)) (internal quotation marks omitted).

If plaintiffs meet the "fairly lenient standard" required by the first step in the analysis, the court will typically grant "conditional certification" and authorize notice to potential plaintiffs. See Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. at 367. Although the statute has no specific provision for issuing such notice, the Supreme Court in Hoffman-LaRoche Inc. v. Sperling held that it was appropriate for courts to authorize such notice under the FLSA in order to serve the "broad remedial goal" of the Act. 493 U.S. 165, 171-73 (1989); see also Braunstein v. E. Photographic Labs., Inc., 600 F.2d 335, 335-36 (2d Cir. 1978) (holding that a district court "has the power to order that notice be given to other potential members of the plaintiff class under the 'opt-in' provision of the [FLSA]"); Hoffmann v. Sbarro, Inc., 982 F. Supp. at 261 n.15. The burden is significantly less than that required to sustain a class certification motion under Rule 23 because the FLSA's opt-in provision merely provides an opportunity for potential plaintiffs to join the action and is only a preliminary determination as to which potential plaintiffs may in fact be similarly situated. See Patton v. Thomson Corp., 364 F. Supp. 2d at 267; Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d at 104. After discovery, the court then looks at the record again to "'make[] a factual finding regarding the similarly situated

7

requirement; if the claimants are similarly situated, the collective action proceeds to trial, and if they are not, the class is decertified.'" Castro v. Spice Place, Inc., 2009 WL 229952, at *2 (quoting Lee v. ABC Carpet & Home, 236 F.R.D. at 197). Accordingly, the Court's analysis focuses on whether plaintiff is similarly situated to the putative class members.

B. Analysis

1. Plaintiffs' Arguments in Support of Conditional Certification

In moving for conditional certification, plaintiff relies on the allegations in the Complaint, as well as on the factual assertions made in a Declaration from Ms. Yoon, filed March 20, 2025 ("Yoon Decl.") (ECF No. 22-4). In her Declaration, Ms. Yoon states that she worked as a nail technician at three different nail salons operated by defendants: 1) 490 Myrtle Ave., Brooklyn; 2) 28-30 Jackson Avenue, Queens; and 3) 833 11th Ave., New York, N.Y. from February 26, 2020 until July 6, 2024. (Yoon Decl. ¶ 3). Although she worked at only three of the Honey Nail salons, Ms. Yoon states that she understood all of the salons to be "operated as a single integrated enterprise, as they shared the same owners, labor policies, payroll system, and employment practices." (Id. ¶ 6). She further represents that she was hired by Jina Sun and Jisoo Sun, and that they are the owners of all the corporate defendants named in this case, and exercised control over the day-to-day operations of all the Honey Nail salons. (Id. ¶¶ 20, 21).

Plaintiff states that she regularly worked four to five days a week, typically starting work at around 9:20 to 9:30 a.m. and leaving around 7:50 to 8:00 p.m. (Id. ¶ 7). Occasionally, she was required to work beyond her scheduled hours, for which she received no additional pay. (Id. ¶ 9). In addition to defendants' time-shaving procedures, plaintiff also claimed that when she worked five days per week, she exceeded 40 hours worked and was never paid overtime. (Id. ¶¶ 10-12). She also states that she was not provided with written notice when her pay rate changed.

(Id. ¶¶ 13-17). Therefore, she was unaware that she was entitled to an hourly wage and overtime under the law and was prevented from recognizing and asserting her rights to correct these violations. (Id.)

According to plaintiff, she knows that other cosmetologists, nail technicians, and/or eyelash extension technicians were not paid minimum and overtime wages "because I have spoken to them about it." (Id. ¶ 22). She also states that she knows that other nail workers who performed similar work were not provided with wage notices, again "because I have spoken to them about it." (Id. ¶ 23). She further claims that she personally observed other nail workers experiencing the same time shaving scheme and wage violations. (Id. ¶ 24). She alleges that she personally knows at least 14 other nail workers who experienced similar wage theft and unpaid overtime. (Id. ¶¶ 24, 25). Based on her knowledge, plaintiff states that each Honey Nail salon had at least 14 to 15 similarly situated employees, making the collective potentially over 100 employees across all locations. (Id. ¶ 26).

2. Defendants' Opposition to Certification

In opposing plaintiff's motion for collective action certification, defendants submitted the Declaration of Jisoo Sun ("Sun Decl.") (ECF No. 23-1), who disputes plaintiff's claim that employees were required to be at work before 9:50 a.m. (Sun Decl. ¶ 6). Sun states that if plaintiff arrived early at work, she did so of her own volition. (Id.) Moreover, according to Sun, employees routinely left work between 7:30 and 7:45 p.m. (Id. ¶ 7). Sun also claims that employees sign in when they arrive and employees rarely work more than seven hours on any given day, and that, contrary to plaintiff's allegations, the employees are permitted to take breaks when they are not with a client. (Id. ¶ 8). Sun disputes plaintiff's claim that she was required to

9

work more than 10 hours in a given day, arguing that if she was on site more than 10 hours, that was due to her own choice. (Id. ¶ 9).

Defendants also challenge plaintiff's allegation that she was required to carpool with other employees of the company, arguing that they carpooled "because they live close to each other." (Id. ¶ 5). Furthermore, defendant alleges that another employee did most of the driving and plaintiff only drove on Sundays. (Id.) Defendant Sun also asserts that each Honey Salon is a separate entity, with different owners. (Id. ¶ 12). Finally, defendant Sun challenges plaintiff's assertion of similarity between herself and other nail salon workers, arguing that her duties and responsibilities as a nail technician were "very different" from other employees, such as cosmetologists and eyelash extension technicians, and that these classes of employees have different pay structures. (Id. ¶¶ 10, 12). Indeed, defendants contend that there were no cosmetologists or skin care technicians in the salons where plaintiff was employed, and that she only worked with one eyelash extension technician. (Id. ¶ 11).

Defendants argue that plaintiff has failed to provide sufficient detail regarding other potential plaintiffs necessary to establish that they are similarly situated. (Defs.' Mem. at 5-6). Defendants note that although plaintiff has dedicated four paragraphs in her declaration to claims that she is aware of other salon workers who were similarly impacted by defendants' policies, she offers no names of other employees, nor does she provide a timeline of when she allegedly spoke with other employees about similar wage violations. (Id. at 6). While acknowledging that plaintiff's burden is "minimal" at this stage, defendants contend that plaintiff has failed to meet her burden of showing that there were other employees subjected to the alleged time-shaving practices or who worked more than 10 hours a day without overtime wages. (Id. at 7).

       3. <u>Analysis</u>

As an initial matter, to the extent that defendants have submitted the sworn declaration of Jisoo Sun in opposition to the motion for collective action certification, this Court will not pass on the merits of the factual disputes raised by that declaration. Courts have held that defendants "may not defeat a court's determination that [p]laintiffs are similarly situated by submitting their own affidavits." <u>Colon v. Major Perry Street Corp.</u>, No. 12 CV 3788, 2013 WL 3328223, at *5 (S.D.N.Y. July 2, 2013) (citation omitted); <u>see also</u> <u>Winfield v. Citibank, N.A.</u>, 843 F. Supp. 2d 397, 407 n.6 (S.D.N.Y. 2012) (declining to consider competing declarations from defendants as "courts in this Circuit regularly conclude that such declarations do not undermine the plaintiffs' showing in the first stage of the conditional certification process") (citation omitted). Whether plaintiff can sustain her burden of proving that defendants violated the FLSA is a question that is not properly before this Court on a motion for collective action certification. <u>See</u> <u>Damassia v. Duane Reade, Inc.</u>, No. 04 CV 8819, 2006 WL 2853971, at *2 (S.D.N.Y. Oct. 5, 2006) (holding that courts "need not resolve the merits in order to find plaintiffs and potential opt-in plaintiffs similarly situated for purposes of authorizing notice"); <u>Laroque v. Domino's Pizza</u>, 557 F. Supp. 2d at 354 (holding that "the merits of plaintiffs' claim are not at issue in a motion for conditional certification"); <u>see also</u> <u>Jason v. Falcon Data Com, Inc.</u>, No. 09 CV 3990, 2011 WL 2837488, at *5 (E.D.N.Y. July 18, 2011). At this stage, where the court must "draw all inferences in favor of the [plaintiff]," <u>Mendoza v. Ashiya Sushi 5, Inc.</u>, No 12 CV 8629, 2013 WL 5211839, at *4 (S.D.N.Y. Sept. 16, 2013), the Court declines to consider the factual disputes raised by the Sun Declaration.

Turning to defendants' other arguments, courts have consistently held that a plaintiff's affidavit alone is sufficient to justify certification of a collective class. <u>See, e.g</u>, <u>Khamsiri v.

11

George & Frank's Japanese Noodle Rest. Inc., No. 12 CV 265, 2012 WL 1981507, at *1 (S.D.N.Y. June 1, 2012) (granting conditional certification where plaintiff's declaration alleged that those "who performed work similar to hers" were "paid less than the statutory minimum wage"); Iriarte v. Redwood Deli & Catering, Inc., No. 07 CV 5062, 2008 WL 2622929, at *3 (E.D.N.Y. June 30, 2008) (granting conditional certification where plaintiff submitted an affidavit indicating that other individuals did not receive the wages to which they were legally entitled, though he had not identified any other employees who sought to opt in); Bowens v. Atlantic Maint. Corp., 546 F. Supp. 2d 55, 82-83 (E.D.N.Y. 2008) (finding a single plaintiff's affidavit attesting that all workers that held his position were required to work unpaid overtime hours sufficient to warrant class certification). In addition, "[w]hile part of [p]laintiff's basis of knowledge is hearsay, the Court may consider hearsay in deciding a motion for conditional certification." Chang Yan Chen v. Lilis 200 West 57th Corp., No. 19 CV 7654, 2021 WL 135248, at *4 (S.D.N.Y. Jan. 14, 2021).

Plaintiff contends that courts have issued notice based on employee declarations and that a single plaintiff's affidavit is sufficient to satisfy this burden. (See Pl.'s Mem. at 16 (citing Zaldivar v. JMJ Caterers, Inc., 166 F. Supp. 3d 310, 318 (E.D.N.Y. 2016))); see also Hallissey v. America Online, Inc., No. 99 CV 3785, 2008 WL 465112, at *1 (S.D.N.Y. 2008), and Qing Tian Zhuo v. Jia Xing 39th Inc., No. 14 CV 2848, 2015 WL 1514950, at *3 (S.D.N.Y. Apr. 1, 2015). However, in Zaldivar v. JMJ Caterers, the plaintiff not only provided a detailed description of his own hours and pay, but also named specific employees subject to the same common policies, and provided specific content of conversations that he had with these other employees about the actions that he claimed constituted improper pay practices. See Zaldivar v. JMJ Caterers, Inc., 166 F. Supp. 3d at 320-21. Here, plaintiff has neither identified a single fellow employee with

whom she spoke about pay practices nor has she provided any information as to when the alleged conversations took place or in what context. Cf., Mata v. Foodbridge LLC, No. 14 CV 8754, 2015 WL 3457293, *1 (S.D.N.Y. June 1, 2015) (holding that "[i]nformation regarding where or when these observations or conversations occurred . . . is critical in order for the Court to determine the appropriate scope of the proposed class and notice process").

Indeed, courts have denied collective certification where the plaintiff fails to specifically describe observations about other similarly situated employees or fails to provide any details as to conversations with other employees. See, e.g., Yang v. Asia Mkt. Corp., No. 17 CV 6886, 2018 WL 2227607, at *2 (S.D.N.Y. Apr. 3, 2018) (denying class certification where plaintiff's affidavit was "extraordinarily general and vague" and failed to "mention a single specific conversation that she had with coworkers about [d]efendants' compensation practices"); Ji v. Jling Inc., No. 15 CV 4194, 2016 WL 2939154, at *4 (E.D.N.Y. May 19, 2016) (denying class certification where plaintiff's attestations about coworkers were limited to their rates of pay, but did not include that any other similarly situated employees worked overtime hours); Sanchez v. JMP Ventures, L.L.C., No. 13 CV 7264, 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014) (denying certification where the plaintiff claimed to have knowledge regarding other employees' hours and pay through observations and conversations, but failed to provide "*any* detail as to a *single* such observation or conversation") (emphasis in the original).

Here, the Complaint and plaintiff's declaration merely reiterate in each instance boilerplate language that she was aware that other employees were subjected to similar pay practices "because I have spoken to them about it." (Yoon Decl. ¶¶ 22, 23). Given plaintiff's failure to name or specifically reference any similarly situated employees, provide their positions or the locations at which they worked, or describe the context and timing of the conversations

13

referenced in her declaration (id. ¶¶ 22-27), she has failed to satisfy even the minimal burden of showing that there were similarly situated employees subjected to the same wage and hour violations. As the Declaration of Ms. Yoon suggests the possibility that she can make these showings because she states that she "personally observed" and "personally [knew]" similarly situated employees (id. ¶¶ 24-25), the Court denies the motion for conditional certification, but without prejudice to renew if plaintiff submits a supplemental declaration curing the defects noted above.

4.   Defendants' Arguments Regarding the Form of Notice

Defendants also object to the form of Notice to potential class members proposed by plaintiff, asserting that: 1) prospective members of the collective should be informed that they will be required to engage in discovery and testify at trial; and 2) the Notice should contain defendants' counsel's contact information. (Defs.' Mem. at 8). Defendants also disagree with plaintiff's proposal to serve the Notice to employees at eight of defendants' locations, and to all Honey Salon employees, including cosmetologists, skin care technicians, and eyelash extension technicians, even though plaintiff only worked as a nail technician at three of the eight locations. (Id.) Defendants argue that even if plaintiff has satisfied her burden to show that there are other nail technicians employed at the three locations where plaintiff worked who are similarly situated, plaintiff has not sufficiently demonstrated that these other categories of employees were subject to the same pay policies, nor has she sufficiently shown a common scheme or plan involving employees engaged in different functions at different locations. (Id. at 8-9 (citing Gomez v. Tri Boro Waterproofing Inc., No. 16 CV 2953, 2017 WL 11508011, at *3 (E.D.N.Y. Jan. 11, 2017))). Thus, defendants argue that the proposed Notice is overbroad and that the recipients should be limited accordingly. Finally, defendants argue that the period for the Notice

14

should be limited to two years because plaintiff has not demonstrated in her pleading or supporting declaration that the defendants acted willfully in violating the FLSA. (Defs.' Mem. at 9).

As discussed above, the Court has found that the plaintiff has failed to satisfy her burden of establishing that there are similarly situated employees sufficient to warrant certification of a collective comprised of even just the nail technicians employed at the same three locations that plaintiff worked. Accordingly, the Court finds no need to address the defendants' objections to the form of Notice at this time.

## CONCLUSION

Having considered the various submissions of the parties, the Court denies without prejudice plaintiff's motion for conditional certification of the defined collective and does not address defendants' arguments with respect to plaintiffs' proposed Notice and Consent to Join forms. Plaintiff is granted leave to file a supplemental declaration to support a renewed motion for conditional certification.

**SO ORDERED.**

Dated: January 2, 2026
      Brooklyn, New York

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York